UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-60245-WPD

UNITED STATES OF AMERICA

v.

JASON KASHOU,

        **Defendant.**
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, and files this Sentencing Memorandum:

The government requests a change in loss amount for purposes of guideline calculations. Currently, and based upon information provided by the government, the Pre-Sentence Report (PSR) uses a loss amount of $1,400,000.00.[1] This figure represents the amount that pharmacies received from Medicare/Medicaid as a result of the defendant's conduct. The products and services rendered resulted from kickbacks that the owners of these pharmacies paid the defendant for beneficiary information. There is no evidence, however, of Medicare/ Medicaid fraud such that but for the defendant's conduct, these beneficiaries would not have received those products or services—though Medicare/ Medicaid would not have paid for these products or services because their genesis was the result of kickbacks. The formula for the kickbacks was a one time payment per patient of the percentage of profit minus the cost of the product at issue. The pharmacies, however, continued to use the beneficiary information to continue supplying product and billing for same.

---

[1] The government has already alerted the Probation Officer to the government's position.

In kickback cases such as this one, the base offense level should be increased, under § 2B1.1, "[i]f the greater of the value of the bribe or the benefit conferred ... exceeded $6,500." U.S.S.G. § 2B4.1(b)(1)(B). The "value of the improper benefit conferred" refers to "the value of the action to be taken or effected in return for the bribe." § 2B4.1 comment. (n.2). "While estimates are permissible, courts must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines." United States v. Medina, 485 F.3d 1291, 1304 (11th Cir. 2007) (Payment of kickbacks from a fixed level of profits is not sufficient, without more, to show actual or intended loss to Medicare). In addition, the commentary refers to § 2C1.1 (governing bribes involving public officials), which has a similar specific-offense-characteristic section that invokes the fraud loss table in § 2B1.1. See U.S.S.G. § 2C1.1(b)(2).

Under § 2C1.1, the value of the improper benefit to be conferred is limited to the "net value of such benefit." U.S.S.G. § 2C1.1, comment. (n.3). The Eleventh Circuit has held that generally, the improper benefit conferred is the net value gained as a result of the kickback scheme. See United States v. DeVegter, 439 F.3d 1299, 1304 n.2 (11th Cir. 2006). The Eleventh Circuit has further held that net value is determined by subtracting "direct costs" from profits, and this Court has defined "direct costs" as "all variable costs that can be specifically identified as costs of performing a contract." Id. at 1304 (citing United States v. Landers, 68 F.3d 882, 884 n.2 (5th Cir. 1995)). Furthermore, the net value of the improper benefit conferred need only be an estimate. DeVegter at 1303. The amount of a bribe or a kickback should be used in determining the offense level only when the net value of an improper benefit cannot be estimated. Id. at 1303-04 (citing § 2B4.1, comment. (background)).

In this case, the amount of profit to the pharmacies as a result of the kickback paid is difficult to determine or estimate. One of the variables in the formula, the cost of the product, fluctuated over time. Second, the agreement between the defendant and the pharmacy owners appeared to favor long term over short term gains (i.e. the value of the kickback was the patient information and the ability to use it over time). Using the above mentioned kickback amounts in light of the formula represents will yield the profit from the first use of the beneficiary information. Under that equation, the known kickback amount is greater than the profit of the first transaction. Therefore, the government urges the use of "the value of the bribe." § 2B1.1 Application Note 3(B).

In addition, the government recently concluded plea negotiations with the owners of the pharmacies with whom the defendant conspired, and the loss amount used to calculate the owner's guidelines was the amount of kickbacks paid to the defendant, $302,666.58 and $210,000, respectively. See also PSR ¶ 23. Therefore, for these reasons, and for the sake of parity, the government requests that this Court use the combined kickback amount ($512,666.58).

Consequently, the current offense level drops from a 14 level increase to a 12 level increase, § 2B1.1(b)(1)(G).

      Respectfully submitted,

      JUAN ANTONIO GONZALEZ
      UNITED STATES ATTORNEY

By:  /s/Michael E. Gilfarb
      Michael E. Gilfarb
      Assistant United States Attorney
      Florida Bar No. 957836
      99 Northeast 4th Street

                                            Miami, Florida 33132-2111  
                                            Tel: (305) 961-9015  
                                            Michael.Gilfarb@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 29, 2021, electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                             */s/ Michael E. Gilfarb*
                                             Michael E. Gilfarb
                                             Assistant United States Attorney